# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PIAOWAKA C. WINDWOLF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV42 CDP |
| | ) | |
| TRANSCONTINENTAL TITLE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

**The Complaint**

Plaintiff has filed five lawsuits in this Court within the past six months relating to a foreclosure action that took place on a piece of property apparently owned by plaintiff in Franklin County, Missouri.[1] In each case, plaintiff has posited a new idea for attacking the foreclosure process.

In the instant lawsuit, plaintiff asserts that the Transcontinental Title Company acted fraudulently in the foreclosure action. Plaintiff claims that proof of the fraudulent actions can be found in comparing a copy of the request for refinancing/ foreclosure documents sent to her by CitiMortgage to a copy of the documents obtained by plaintiff from the Recorder of Deeds. Plaintiff asserts that the documents sent by CitiMortgage do not contain her estranged husband's initials, but the copy

---

[1] Windwolf v. Citigroup, Inc., 4:12CV2156 JAR; Windwolf v. Freddie Max, 4:12CV2157 JAR; Windwolf v. Hillsboro Title Company, Inc., 4:13CV41 CEJ; Windwolf v. Transcontinental Title Company, 4:12CV42 CDP; and Windwolf v. U.S. Title Company, 4:13CV43 CAS.

filed with the Recorder of Deeds has her estranged husband's initials. Plaintiff asserts that her husband was living in Massachusetts at the time she filed the documents with CitiMortgage and could not have signed the documents.[2] Plaintiff asserts that "alteration of the instrument" should void the foreclosure action.

**Discussion**

At the outset, the Court notes that plaintiff has failed to state the grounds for filing the instant action in Federal Court. Liberally construing the complaint as being brought under 28 U.S.C. § 1332, the Court will dismiss the action, without prejudice, for lack of subject matter jurisdiction. The amount in controversy is unspecified, and plaintiff has insufficiently alleged diversity of citizenship.[2] See 28 U.S.C. § 1332.

Furthermore, plaintiff has not indicated, in compliance with § 1331, that the instant action arises under the Constitution, laws, or treaties of the United States. Rather, her only claims against defendants appear to be for fraud related to "forgery" and violations of Missouri state tort law. Thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 appears to be inapplicable.

---

[2]Plaintiff has not addressed whether the documents have a faxed signature from her estranged husband or not. Faxed signatures can be construed as legal signatures under the law.

[2]Although plaintiff has alleged that Transcontinental Title Co. is located in Florida, she has not alleged, in compliance with § 1332, the state where it is incorporated and the state where it maintains its principal place of business.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because this Court lacks jurisdiction over plaintiff's complaint. See Fed.R.Civ.P. 12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of April, 2013.

                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE